IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRUCE M. JONES, II,** | 3:16-cv-02330-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **UNITED STATES OF AMERICA, et al.,** | |
| Defendants. | |

**LEONARD RANDOLPH BERMAN**
4711 S.W. Huber Street
Suite E-3
Portland, OR 97219
(503) 516-3715

    Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**SEAN E. MARTIN**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204
(503) 727-1000

    Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion (#24-1) for Summary Judgment and to Dismiss (#24-2) under Fed. R. Civ. P. 12(b). For the reasons that follow, the Court **GRANTS** Defendants' Motions.

## BACKGROUND

Plaintiff Bruce M. Jones, II, an inmate at Federal Correctional Institution Sheridan (FCI Sheridan) during the relevant period, brings this civil-rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). In his Second Amended Complaint Plaintiff asserts claims against Defendants for violation of Plaintiff's right under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment related to his health and safety and for allegedly failing to provide him with adequate medical care. Plaintiff also asserts claims against Defendants pursuant to the Federal Tort Claims Act for negligence and failure to provide adequate medical care.

Plaintiff alleges another inmate hit him in the back of the head with a hammer on June 25, 2015, while both Plaintiff and the other inmate were at their work assignments at FCI Sheridan. Plaintiff alleges Defendants failed to protect him from the attack and failed to provide him with adequate medical care after

2 - OPINION AND ORDER

the attack.

On November 6, 2017, Defendants filed a Motion for Summary Judgment and to Dismiss all of Plaintiff's claims.

On November 20, 2017, Plaintiff filed a document titled Response in Opposition to Defendants' Motions. In that document Plaintiff did not provide a substantive response to Defendants' arguments and instead sought an extension of time to file a response to Defendants' Motions. Plaintiff, however, did not include a certification of conferral as required by Local Rule 7.1 or the position of opposing counsel. As a result, the Court entered an Order on December 1, 2017, striking Plaintiff's Response and directing Plaintiff to file a motion for extension of time that included a Local Rule 7.1 conferral statement and the position of opposing counsel no later than December 4, 2017.

Plaintiff did not file a motion for extension of time or any other response to Defendants' Motions. The Court took this matter under advisement on December 4, 2017.

## **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants move for summary judgment as to Plaintiff's First Claim against Defendants for violation of the Eighth Amendment on the ground that Plaintiff failed to exhaust his administrative remedies.

3 - OPINION AND ORDER

## I. Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a genuine dispute as to a material fact. *Emeldi v. Univ. of Or.*, 673 F.3d 1218, 1223 (9th Cir. 2012). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and point to "specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) "This burden is not a light one. . . . The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *Id*. (citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*,

381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936*, 680 F.2d 594, 598 (9th Cir. 1982)).

"A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009)(citation omitted). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009) (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id*.

**II. Prison Litigation Reform Act (PLRA) Exhaustion Requirement**

The PLRA, 42 U.S.C. § 1997e(a), provides "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The PLRA "mandates that an inmate exhaust . . . administrative

5 - OPINION AND ORDER

remedies . . . before bringing suit to challenge prison conditions."  *Ross v. Blake*, 136 S. Ct. 1850, 1854-55 (2016)(quotation omitted).  *See also Booth v. Churner*, 532 U.S. 731 (2001)(same).

The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  The Supreme Court also made clear that the exhaustion requirement applies to inmate civil-rights claims under *Bivens*.  *Id.* at 524.

The Supreme Court has also held courts "may not excuse a failure to exhaust, even to take [special] circumstances into account."  *Ross*, 136 S. Ct. at 1856.  Moreover, prisoners are obligated to navigate the prison's administrative review process "regardless of the fit between a prisoner's prayer for relief and the administrative remedies possible."  *Booth*, 532 U.S. at 739-41.  Accordingly, the Ninth Circuit has held "plaintiffs must pursue a remedy through a prison grievance process as long as *some* action can be ordered in response to the complaint."  *Brown v. Valoff*, 422 F.3d 926, 934 (9th Cir. 2005)(emphasis in original).  Even if the relief the prisoner receives is nothing more than "corrective action taken in response to an inmate's grievance [that] . . . improve[s] prison administration and satisf[ies] the inmate," it is sufficient relief for an inmate to

continue with the administrative process. *Id.* at 936 (quoting *Porter*, 534 U.S. at 525).

Exhaustion of administrative remedies under 42 U.S.C. § 1997e(e) is an affirmative defense. *Wyatt*, 280 F.3d at 1245. "[D]efendants have the burden of raising and proving the absence of exhaustion." *Id.* at 1120.

> Relevant evidence in so demonstrating would include . . . regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case.

*Brown*, 422 F.3d at 937. As noted, if the court concludes an inmate has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Wyatt*, 315 F.3d at 1119-20.

The Ninth Circuit has made clear that a Rule 12 motion is "not the appropriate procedural device" for pretrial determination of whether a plaintiff has exhausted his administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). "[T]he appropriate device is a motion for summary judgment under Rule 56." *Id*.

### III. Federal Bureau of Prisons (BOP) Administrative Remedy Program

The Federal BOP Administrative Remedy Program regulations set out four levels of review for inmate grievances:

7 - OPINION AND ORDER

(1) informal resolution, (2) formal complaint (Form BP-9),
(3) formal appeal (Form BP-10), and (4) second formal appeal
(Form BP-11). *See* 28 C.F.R. §§ 542.10, 542.13-542.15. An inmate
must first seek informal resolution of his grievance with a staff
member. 28 C.F.R. § 542.13. If the matter is not resolved an
inmate can file a Form BP-9 with the warden. 28 C.F.R. § 542.14.
The inmate has 20 days from the time the warden signs a response
to a Form BP-9 to appeal the warden's decision by filing a Form
BP-10 with the regional director. 28 C.F.R. § 542.15(a). If the
inmate is not satisfied with the regional director's response,
the inmate has 30 days to submit an appeal to the General Counsel
by filing a Form BP-11. *Id*. An inmate has fully exhausted the
administrative review procedure only after completing each of
these steps.

**IV. Analysis**

Paralegal Specialist Jennifer Vickers testifies in her
Declaration in support of Defendants' Motions that she is
familiar with the Administrative Remedy Program and her job
duties include "the upkeep and maintenance of files for
administrative tort claims filed against the BOP." Decl. of
Jennifer Vickers at ¶ 1. Vickers testifies she "personally
reviewed Plaintiff's Administrative Remedy log," and it indicates
Plaintiff failed to fully complete the grievance procedure as to
any aspect of his Eighth Amendment Claim. Vickers Decl. at ¶¶ 5-

7. Specifically, Plaintiff "never fully presented his claim through the administrative remedy process by presenting his claim at the institutional, regional, and central office levels of the BOP." *Id*. at ¶ 6. In addition, Vickers notes Plaintiff in the past has successfully completed the administrative review process and fully exhausted a grievance regarding an unrelated claim of inadequate medical care. *Id*. at ¶ 6. The record, therefore, reflects Plaintiff is aware of how to exhaust a grievance fully and has successfully done so in the past.

Accordingly, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's First Claim against Defendants for violation of Plaintiff's rights under the Eighth Amendment.

## **DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(1)**

Plaintiff also brings claims against Defendants pursuant to the FTCA for negligence and medical negligence. As noted, Plaintiff alleges another inmate injured him when he and the other inmate were working at FCI Sheridan, that Defendants failed to protect Plaintiff from the attack, and that Defendants failed to provide him with adequate medical care after the attack.

Defendants move to dismiss Plaintiff's FTCA claims on the ground that this Court lacks subject-matter jurisdiction because under these circumstances the FTCA is preempted by 18 U.S.C. § 4126.

9 - OPINION AND ORDER

**I. Standard**

Plaintiff has the burden to establish that the court has subject-matter jurisdiction. *Robinson v. Geithner*, 359 F. App'x 726, 728 (9th cir. 2009). *See also Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000).

When deciding a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and other evidence supporting or attacking the plaintiff's jurisdictional allegations. *Rivas v. Napolitano*, 714 F.3d 1108, 1114 n.1 (9th Cir. 2013). The court may permit discovery to determine whether it has jurisdiction. *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). When a defendant's motion to dismiss for lack of jurisdiction "is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011)(citation omitted).

**II. Analysis**

As noted, Defendants move to dismiss Plaintiff's FTCA claims on the ground that this Court lacks subject-matter jurisdiction because the FTCA is preempted by 18 U.S.C. § 4126 under the circumstances alleged in Plaintiff's Second Amended Complaint.

"The Prison Industries Fund may be used to compensate

10 - OPINION AND ORDER

'inmates . . . for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined.'" *Vander v. U.S. Dep't of Justice*, 268 F.3d 661, 663 (9th Cir. 2001) (quoting 18 U.S.C. § 4126(c)). The Prison Industries Fund "is the sole source of compensation for the injury; its remedy is exclusive." *Id*. (citing *United States v. Demko*, 385 U.S. 149, 152-53 (1966)). In addition, the Ninth Circuit held in *Vander* that § 4126 is the sole remedy for the "negligence of prison officials in supplying medical care for the [plaintiff's] injury . . . [because] the regulations under § 4126(c) provide . . . '[c]ompensation may . . . be paid for work-related injuries or claims alleging improper medical treatment of a work-related injury.'" *Id*. (quoting 28 C.F.R. § 301.301(b)). Thus, the Ninth Circuit concluded the plaintiff could not bring "an action against the United States under the FTCA for an injury or for negligence . . . regarding the treatment of that injury. The FTCA action is barred by 18 U.S.C. § 4126(c) and the regulations thereunder." *Id*. at 664. *See also Ramiscal v. Bur. of Prisons*, No. CV 14-8489-ODW (RNB), 2015 WL 4207923, at *7 (C.D. Cal. June 1, 2015)(same); 28 C.F.R. § 319 ("Inmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the Federal Tort Claims Act.").

The Court, therefore, concludes Plaintiff's FTCA claims are

11 - OPINION AND ORDER

barred and preempted by 18 U.S.C. § 4126.  Accordingly, the Court grants Defendants' Motion to Dismiss Plaintiff's Second and Third FTCA Claims.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion (#24-1) for Summary Judgment, **GRANTS** Defendants' Motion (#24-2) to Dismiss under Fed. R. Civ. P. 12(b), and **DISMISSES** this matter **without prejudice.**

IT IS SO ORDERED.

DATED this 10th day of January, 2018.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge